GRANNEMANN et al. v. GRANNEMANN et al.

(Supreme Court, Appellate Division, Third Department. May 4, 1904.)

1. COSTS—ALLOWANCE FOR ATTORNEY'S FEES—AMOUNT.

Where an action was brought by two infant plaintiffs whose rights and interests were identical with those of two infant defendants, so that if all had been plaintiffs, as they might have been, their interests could have been protected by a single attorney, an allowance of costs to both plaintiffs and defendants aggregating 10 per cent. of the amount involved was improper; an allowance of 5 per cent., to be equally divided between the infant plaintiffs and the infant defendants, being sufficient.

Appeal from Trial Term, Schenectady County.

Action by Anna M. Grannemann and another, infants, by guardian, against Louise H. Grannemann, individually and as special guardian, and others. From a judgment for plaintiffs, defendant Louise H. Grannemann appeals. Modified.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Judson S. Landon, for appellant.

C. C. Van Kirk, A. J. Dillingham, and Edwin C. Angle, for respondents.

PER CURIAM. We discover no error in this record that will justify a reversal. In respect to costs, however, we think there should be a. modification.

The action is brought by two infant plaintiffs, whose rights and interests are identical with those of their brother and a half-sister, the

two infant defendants. If all had been plaintiffs, as well they might have been, there would have been no need of their appearing by separate attorneys, and no ground for an application for an allowance of costs to two sets of parties whose interests were alike, and could as well have been protected by a single attorney. The court has made a full allowance of costs to the infant plaintiffs, and also to the infant defendants. These aggregate $1,500, or 10 per cent. of the amount involved. We think, under the circumstances of this case, that an allowance of 5 per cent. on the amount involved, to be equally divided between the infant plaintiffs and the infant defendants, is adequate, and also that all costs should be paid out of the fund. The judgment should be modified accordingly.

Judgment modified by reducing the extra allowance of costs to the plaintiffs to $375, and to the infant defendants to $375, and by making all costs, as modified, payable out of the fund. The judgment as so modified affirmed, with costs of appeal to the appellant, payable out of the fund.